## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**MICHAEL SCOTT FOSTER**                                          **PLAINTIFF**

**v.**                                                    **Civil No. 2:22-cv-50-HSO-BWR**

**STATE FARM FIRE AND**
**CASUALTY COMPANY and**
**JOHN DOES 1-5**                                              **DEFENDANTS**

## ORDER GRANTING [20] MOTION TO STRIKE PLAINTIFF'S DESIGNATION AND SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES

BEFORE THE COURT is the [20] Motion to Strike Plaintiff's Designation and Supplemental Designation of Expert Witnesses filed by Defendant State Farm Fire and Casualty Company. Plaintiff Michael Scott Foster has filed a [27] Response in Opposition, and Defendant a [30] Reply. For the reasons below, the Court will grant the [20] Motion to Strike Plaintiff's Designation and Supplemental Designation of Expert Witnesses.

### I.   LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony. Fed. R. Civ. P. 26. These disclosures must be made in accordance with the deadlines set in the court's scheduling orders or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence. Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26(a)(2) requires a proponent of expert testimony to make a "full and complete disclosure . . . no later than the time specified in the case management order . . . ." L. U. Civ. R. 26(a)(2).

Expert witnesses "retained or specially employed to provide expert testimony" must submit signed written reports. Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

If a party fails to provide the required disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Similarly, Local Rule 26(a)(2) provides that "[a]bsent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2).

In determining whether a failure to disclose was harmless or substantially justified, courts in this Circuit consider the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

## II. DISCUSSION

A.    Adequacy of Expert Designations

Plaintiff's initial expert designation deadline was October 3, 2022. Case Management Order [6] at 4. That deadline was subsequently extended to November 4, 2022. Text Only Order 10/21/2022. On November 4, 2022, Plaintiff filed his initial [16] Notice of Service of Designation of Experts. Plaintiff designated two expert witnesses: Warren Bowen ("Bowen") and Dr. Robert Crook ("Dr. Crook"). Designation of Expert Witnesses [20-1] at 2-3. On November 18, 2022, Plaintiff filed a [17] Notice of Service of Amended/Supplemental Designation of Experts. Amended/Supplemental Designation of Expert Witnesses [20-3]. On January 24, 2023, Plaintiff filed a [29] Supplemental Notice of Service of Designation of Experts. The Court examines each in turn.

### 1.    Expert Designation of Warren Bowen

*a.    Initial Designation of Bowen*

Plaintiff's initial designation of Bowen reads as follows:

Warren Bowen, 1335 Tanglewood Drive, Jackson, MS 39204. A copy of his curriculum vitae is attached hereto as Exhibit "A". Mr. Bowen is an expert in the field of Insurance Claims and Construction. Mr. Bowen is expected to testify as to the acts and omissions of the Defendant. Mr. Bowen is expected to testify in relation to the scope of the loss. Mr. Bowen is expected to testify as to policy coverage and exclusions. Mr. Bowen is expected to testify as to an insurer's duty of good faith.

Mr. Bowen is expected to testify as to the code upgrades regarding the property. Mr. Bowen is expected to testify as to the time the claim was filed and the insurance company's response. Mr. Bowen will testify in response to any theory or statement offered by the Defendants' expert(s). Mr. Bowen is expected to testify that his

3

methodology, findings, opinions, and conclusions are based upon his knowledge, skill and experience in his particular field of expertise. Mr. Bowen will testify that his findings are consistent with the principles generally accepted by experts in his field. Mr. Bowen will testify as to his review of the findings and opinions of the Defendants' expert witnesses. The Plaintiff reserves the right to call Mr. Bowen as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Mr. Bowen's opinions will be seasonably supplemented.

*Id.* at 2-3. As indicated in the designation, Bowen's curriculum vitae is attached. *Id.* at 6-10.

Plaintiff's initial designation of Bowen fails to satisfy the requirements of Federal Rule 26. By Plaintiff's admission, he provided a curriculum vitae from Bowen, not an expert report, as required by Federal Rule 26. Notwithstanding, Bowen did not sign the document, as required by Federal Rule 26(a)(2)(B). Nor does it contain (1) a complete statement of all of Bowen's expected opinions and the basis and reasons for them, (2) the facts or data Bowen considered in reaching his opinions, or (3) any indication of whether Bowen will use exhibits to support his opinion, as required by Federal Rule 26(a)(2)(B)(i)-(iii).

The document contains Bowen's work history and educational background, but it does not indicate whether Bowen has authored any publications in the past ten years, as required by Federal Rule 26(a)(2)(B)(iv). The document also contains a section titled "Expert Work," which lists various law firms and attorneys for which Bowen has testified. Designation of Expert Witnesses [20-1] at 8-9. However, Federal Rule 26(a)(2)(B)(v) explicitly requires "a list of all other *cases* . . ." an expert has testified in, not a generic list of attorneys or law firms. Fed. R. Civ. P.

26(a)(2)(B)(v)(emphasis added). Finally, the document does not contain a statement of compensation as required by Federal Rule 26(a)(2)(B)(vi). Because Plaintiff's initial designation of Bowen fails to comply with Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2), it is subject to being stricken.

>    b.   *Amended/Supplemental Designation of Bowen*

On November 18, 2022, fourteen days after his deadline to designate experts, Plaintiff filed a [17] Notice of Service of Amended/Supplemental Designation of Experts. Plaintiff's [20-3] Amended/Supplemental Designation of Bowen reads as follows:

> Warren Bowen, 1335 Tanglewood Drive, Jackson, MS 39204. A copy of his curriculum vitae is attached hereto as Exhibit "A". ***Copies of Mr. Bowen's fee schedule and written report are included as Exhibit C and Exhibit D."*** Mr. Bowen is an expert in the field of Insurance Claims and Construction. Mr. Bowen is expected to testify as to the acts and omissions of the Defendant. Mr. Bowen is expected to testify in relation to the scope of the loss. Mr. Bowen is expected to testify as to policy coverage and exclusions. Mr. Bowen is expected to testify as to an insurer's duty of good faith.
>
> Mr. Bowen is expected to testify as to the code upgrades regarding the property. Mr. Bowen is expected to testify as to the time the claim was filed and the insurance company's response. Mr. Bowen will testify in response to any theory or statement offered by the Defendants' expert(s). Mr. Bowen is expected to testify that his methodology, findings, opinions, and conclusions are based upon his knowledge, skill and experience in his particular field of expertise. Mr. Bowen will testify that his findings are consistent with the principles generally accepted by experts in his field. Mr. Bowen will testify as to his review of the findings and opinions of the Defendants' expert witnesses. The Plaintiff reserves the right to call Mr. Bowen as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Mr. Bowen's opinions will be seasonably supplemented.

*Id.* at 2 (emphasis added). The designation added an additional sentence not included in the initial designation: "Copies of Mr. Bowen's fee schedule and written report are included as Exhibit C and Exhibit D." *Id.* Despite the indication that a fee schedule and written report were attached Defendant asserts that the only documents attached were a contract between Bowen and Plaintiff's counsel and a document titled "Bowen Loss Report." Mem. [21] at 4-5. Plaintiff's [27] Response does not provide any evidentiary support to rebut that assertion.

Plaintiff's [20-3] Amended/Supplemental Designation is not only untimely, but also equally as deficient substantively as the initial designation. The [20-3] Amended/Supplemental Designation again cited to Bowen's curriculum vitae, as did the initial designation, but Plaintiff did not re-attach Bowen's curriculum vitae. Thus, Plaintiff's [20-3] Amended/Supplemental Designation does not actually have an attached expert report. Even if Plaintiff had re-attached Bowen's curriculum vitae, it would remain deficient as an expert report for the reasons explained previously. Because Plaintiff's [20-3] Amended/Supplemental Designation of Bowen fails to comply with Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2), it is likewise subject to being stricken.

c. <u>*Supplemental Designation of Bowen*</u>

On January 24, 2023, over two and a half months after his deadline to designate experts, Plaintiff filed a [29] Supplemental Notice of Service of Designation of Experts. Plaintiff's [30-2] Supplemental Designation reads as follows:

> Warren Bowen, 1335 Tanglewood Drive, Jackson, MS 39204. A copy of his curriculum vitae is attached hereto as Exhibit "A". **A copy of**

his report is attached *hereto as Exhibit "B."* Mr. Bowen is an expert in the field of Insurance Claims and Construction. Mr. Bowen is expected to testify as to the acts and omissions of the Defendant. Mr. Bowen is expected to testify in relation to the scope of the loss. Mr. Bowen is expected to testify as to policy coverage and exclusions. Mr. Bowen is expected to testify as to an insurer's duty of good faith.

Mr. Bowen is expected to testify as to the code upgrades regarding the property. Mr. Bowen is expected to testify as to the time the claim was filed and the insurance company's response. Mr. Bowen will testify in response to any theory or statement offered by the Defendants' expert(s). Mr. Bowen is expected to testify that his methodology, findings, opinions, and conclusions are based upon his knowledge, skill and experience in his particular field of expertise. Mr. Bowen will testify that his findings are consistent with the principles generally accepted by experts in his field. Mr. Bowen will testify as to his review of the findings and opinions of the Defendants' expert witnesses. The Plaintiff reserves the right to call Mr. Bowen as a rebuttal expert witness to rebut any testimony offered by any other lay or expert witness. Mr. Bowen's opinions will be seasonably supplemented.

*Id.* at 2-3 (emphasis added). The designation added an additional sentence not included in the initial designation: "A copy of his report is attached hereto as Exhibit "B."" *Id.* at 2. Unlike his previous two attempted designations, Plaintiff did attach a "report," titled "Claim [O]verview." *See* Ex. [30-2] at 10-11. This Claim Overview however, fails to satisfy the requirements of Federal and Local Rules 26(a)(2) for at least six reasons.

First, the Claim Overview was not timely submitted as required by Local Rule 26(a)(2). That Local Rule requires full and complete expert disclosures to be made "no later than the time specified in the case management order . . . ." L. U. Civ. R. 26(a)(2). Plaintiff's extended expert designation deadline was November 4, 2022. Text Only Order 10/21/2022. Bowen's Claim Overview was signed and dated on January 24,

2023, more than two and a half months after the deadline. Thus, the Claim Overview was untimely.

Second, the Claim Overview does not contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as required by Federal Rule 26(a)(2)(B)(i). For example, in the Claim Overview Bowen opines that:

> Property:
> I.   The overall structural system has been damaged/compromised from roof framing to conventional foundation framing system. These systems are a Total Loss.
> II.  All electrical systems are compromised from fire and extreme heat. All systems are a Total Loss[.]
> III. HVAC/Mechanical systems have been compromised and destroyed by fire and extreme heat. All systems are a Total Loss.
> IV.  All plumbing systems, equipment, and fixtures above grade have been destroyed by fire. All systems are a Total Loss.
>
> Content:
> I.   All content is a Total Loss.

Ex. [30-2] at 10. While these statements certainly represent Bowen's opinions, there are no basis and/or reasons provided to support them. Without more, such cursory assertions fail to satisfy the requirements of Federal Rule 26(a)(2)(B)(i).

Third, the Claim Overview does not contain the facts or data considered by Bowen in forming his opinions as required by Federal Rule 26(a)(2)(B)(ii). For example, Bowen opines that "[t]he Scope of Loss has not been represented properly or fairly. All things related to this Loss clearly confirms a Total Loss of property and content." Ex. [30-2] at 10. Yet, Bowen does not present any facts or data underlying his opinions. Thus, the Claim Overview fails to satisfy Federal Rule 26(a)(2)(B)(ii).

Fourth, in a similar vein, the Claim Overview does not contain the exhibits Bowen used to summarize or support his opinions as required by Federal Rule 26(a)(2)(B)(iii). For example, Bowen references "Policy 24-BN-Z872-0," and specific provisions relating to "Content Coverage," "Displacement Coverage," and "Debris Removal Coverage." Ex. [30-2] at 10. But the aforementioned documents are not attached to the Claim Overview. Thus, the Claim Overview fails to satisfy Federal Rule 26(a)(2)(B)(iii).

Fifth, the Claim Overview does not strictly comply with Federal Rule 26(a)(2)(B)(iv)'s requirement that a report contain "the witness's qualifications, including a list of all publications authored in the previous 10 years." Fed. R. Civ. P. 26(a)(2)(B)(iv). The Claim Overview does not contain a section explicitly addressing Bowen's qualifications as an expert witness. However, it does contain sections titled "Expert Work," and "Insurance Claim Work," which reference some of Bowen's previous work history. *Id*. at 10-11. And Bowen's curriculum vitae, which is also attached, contains references to some of Bowen's work history and educational background. *Id*. at 5-9. But neither includes a list of any publications Bowen has authored within the past ten years. Nor do they indicate that Bowen has not authored any such publications. Thus, the Claim Overview does not strictly comply with the requirements of Federal Rule 26(a)(2)(B)(iv).

Sixth, the Claim Overview does not strictly comply with Federal Rule 26(a)(2)(B)(v)'s requirement that an expert report contain "a list of all other cases in which, during the previous 4 years, witness testified as an expert at trial or by

deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). The Claim Overview contains a section titled "Expert Work," which lists various law firms and attorneys for which Bowen has testified. Ex. [30-2] at 10-11. However, Federal Rule 26(a)(2)(B)(v) explicitly requires "a list of all other *cases* . . ." an expert has testified in, not a generic list of attorneys or law firms. Fed. R. Civ. P. 26(a)(2)(B)(v)(emphasis added). Thus, the Claim Overview fails to satisfy Federal Rule 26(a)(2)(B)(v).

However, Plaintiff's Supplemental Designation of Bowen does satisfy at least one requirement. Federal Rule 26(a)(2)(B)(vi) requires expert reports to contain a statement of the compensation paid for the report. Plaintiff attached an agreement indicating that Bowen was paid an hourly rate of $200.00, plus a $2,000.00 retainer, for his work. Ex. [30-2] at 14. But that single instance of compliance with the requirements of the Federal and Local Rules is insufficient to overcome the numerous other deficiencies.

Plaintiff's [30-2] Supplemental Designation is not only untimely, but also equally as deficient substantively as the initial and Amended/Supplemental designations. Because Plaintiff's [30-2] Supplemental Designation of Bowen fails to comply with Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2), it is also subject to being stricken.

### 2.   Expert Designation of Dr. Robert Crook

Plaintiff's designation of Dr. Crook reads as follows:

> Dr. Robert Crook, is an expert in the field of property damage appraisal; A copy of his curriculum vitae is attached hereto as Exhibit "B". He is expected to testify as to the present day value of the fire loss.

*Id.* at 3. Plaintiff's [20-3] Amended/Supplemental Designation of Expert Witnesses of Dr. Crook is a replica of the original designation. *Id.* at 3.

Plaintiff's designation of Dr. Crook fails to satisfy the requirements of Federal Rule 26. By Plaintiff's admission, he provided a curriculum vitae from Dr. Crook, not an expert report. Notwithstanding, Dr. Crook did not sign the document, as required by Federal Rule 26(a)(2)(B). Nor does it contain (1) a complete statement of all of Dr. Crook's expected opinions and the basis and reasons for them, (2) the facts or data Dr. Crook considered in reaching his opinions, or (3) any indication of whether Dr. Crook will use exhibits to support his opinion, as required by Federal Rule 26(a)(2)(B)(i)-(iii).

The document contains Dr. Crook's work history and educational background, but it does not indicate whether Dr. Crook has authored any publications in the past ten years, as required by Federal Rule 26(a)(2)(B)(iv). The document also lacks a statement of compensation as required by Federal Rule 26(a)(2)(B)(vi). The document does include a list of previous cases in which Dr. Crook has offered expert testimony. Designation of Expert Witnesses [20-1] at 14-17. Because Plaintiff's designation of Dr. Crook fails to comply with Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2), it is subject to being stricken.

### 3.   Plaintiff's [27] Response

Plaintiff asserts that the designations "contained facts and data use[d] in the opinions." Resp. [27] at 2. Yet, Plaintiff does not cite where those alleged facts and data appear in the designations. Nor has the Court been able to locate them. Instead,

the designation provides, with respect to Bowen, that he is expected to testify "as to the acts and omissions of the Defendant . . . in relation to the scope of the loss," and regarding the "policy coverage and exclusions." *See* Designation of Expert Witnesses [20-1] at 2. With respect to Dr. Crook, the designation provides that "[h]e is expected to testify as to the present day value of the fire loss." *See* Designation of Expert Witnesses [20-1] at 3. But these vague and cursory assertions do not provide the requisite specificity. Fed. R. Civ. P. 26(a)(2)(B)(i)("The *report must contain* a complete statement of all opinions the witness will express and the basis and reasons for them.")(emphasis added).

Plaintiff next asserts that the designations include "pictures used in the expert's assessment." Resp. [27] at 2. Plaintiff also asserts that "[t]here are many certificates and other data showing the expert's qualifications." *Id*. Plaintiff further asserts that "[ ] there is a statement of the compensation to be paid to the expert and other documents." *Id*. Yet, Plaintiff fails to cite any evidentiary support for these assertions.

Plaintiff further contends that under Federal Rule 26(e), he "is allowed and has the duty to supplement discovery including that pertaining to experts . . . " and seeks to remind the Court "that the discovery period has not expired." Resp. [27] at 2-3. This contention is without merit.

Federal Rule 26 provides, in relevant part, that expert designations *must* be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Consistent with that directive, Local Rule 26(a)(2) explicitly requires "full

and complete" expert designation be made "no later than the time specified in the case management order . . . ." L. U. Civ. R. 26(a)(2). The Local Rule further provides that "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L. U. Civ. R. 26(a)(2)(B).

Contrary to Plaintiff's assertion, the discovery deadline does not control when proper expert designations are due. In this case, the deadline for Plaintiff to provide complete expert disclosures was November 4, 2022. Text Only Order 10/21/2022. As explained above, Plaintiff's expert designations were patently deficient as of that date. Because Plaintiff attempted to designate experts without providing complete designations, by the expert designation deadline, those designations are untimely and are subject to being stricken under Local Rule 26(a)(2)(B).

Plaintiff is correct that Federal Rule 26(e) imposes an ongoing duty to supplement expert designations. However, as the courts in this district have made clear, it is impermissible to attempt to use supplementation to "fix" problems in initial expert designations or reports. *United States ex rel. Estate of Turner v. Gardens Pharmacy, LLC*, Civ. No. 1:18-cv-338, 2022 WL 1645809, at *3 n.2 (S.D. Miss. May 24, 2022) (citing *Buxton v. Lil' Drug Store Products, Inc.*, Civ No. 2:02-cv-178, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007)). Initial expert disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point*

13

*Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). *See also Wheat v. Michaels Organization, LLC*, Civ. No. 5:21-cv-88, 2022 WL 17072027, at *4 (S.D. Miss. Nov. 17, 2022); *Estate of Turner,* 2022 WL 1645809, at *3. Even the intent to supplement an expert report with the requisite information "is inadequate and plainly does not satisfy the requirements of Rule 26." *Estate of Turner*, 2022 WL 1645809, at *3 (citing *Wiley v. Wabtec Manufacturing Solutions, LLC*, Civ. No. 4:20-cv-345, 2021 WL 6201838, at *2 (E.D. Tex. Dec. 6, 2021).

B.    <u>Remedy for Inadequate Designation</u>

Having determined that Plaintiff's designations of Bowen and Dr. Crook fail to satisfy the requirements of Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2), the next question is whether those designations should be stricken.

The failure to comply with the disclosure requirements of Federal Rule 26(a) forecloses a party's ability to use the information "to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As previously explained, the Court considers the following four factors to determine whether the failure to comply with Federal Rule 26 was harmless or substantially justified: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice. *Hamburger*, 361 F.3d at 883.

Turning to the first factor, Plaintiff represents that one of his experts, without specifying which, "was dealing with flu and having a hard time producing necessary

documents due to not being able to get to his office." Resp. [27] at 2. But that does not explain the failure to comply with the basic requirements for designating experts under Federal Rule 26(a)(2)(B).

Equally unpersuasive is Plaintiff's assertion that he could not provide proper supplementation of the designations because of "logistical problems" because it was around Christmas time. Resp. [27] at 3. Case management deadlines were set in June 2022. *See* Case Management Order [6]. Plaintiff's original expert designation deadline was October 3, 2022. That deadline was subsequently extended, by request, to November 4, 2022. Text Only Order 10/21/2022. Thus, not only did Plaintiff have five months to compile his expert designations, but his designations were due more than a month and a half before Christmas day. Even so, holidays do not constitute good cause to disregard case management deadlines or make deficient designations. *See e.g.*, *George v. Cox LA. Telecom, LLC.*, Civ. No. 2:03-cv-2215, 2004 WL 169809, at *2 (E.D. La. Jan. 23, 2024)(holding that "Plaintiffs' reliance on the holiday season as a justification for delay is also meritless, since such holidays can and should be anticipated by counsel and his timetable adjusted accordingly.").

Concerning the second factor, Plaintiff has not attempted to explain the importance of the testimony of Bowen or Dr. Crook. Thus, the Court cannot clearly ascertain the importance of either expert's testimony, partly due to the lack of proper designation. Even if Plaintiff had offered some explanation, the importance of proposed testimony alone cannot "singularly override the enforcement of local rules

15

and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990). This factor favors striking Plaintiff's designations.

Under the third factor, the Court considers the potential prejudice to Defendant in allowing the expert testimony. *Hamburger*, 361 F.3d at 883. Defendant represents that the extensive deficiencies in Plaintiff's expert designations have rendered it unable to ascertain what potential testimony either expert witness will offer at trial. *See* Mem. [21] at 3-7. Thus, Plaintiff's failure to properly designate his experts has effectively foreclosed Defendant's opportunity to explore the opinions, facts, and data of both witnesses' expected testimony prior to being required to file rebuttal opinions. *See Banks v. Silver Slipper Casino Venture, LLC*, Civ. No. 1:21-cv-94, 2022 WL 2092993, at *3 (S.D. Miss. May 23, 2022). This factor favors striking Plaintiff's designations.

Under the final factor, the Court considers the availability of a continuance to cure that prejudice. *Hamburger*, 361 F.3d at 883. Although a continuance may ameliorate some potential prejudice to Defendant, at this point in the calendar, any extension will almost certainly necessitate moving the trial date. Notwithstanding, when other factors support striking an expert designation, as in this case, the Court is not required to continue a trial. *Hamburger*, 361 F.3d at 883-84. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance. Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Id*. at 884.

16

Defendant extended numerous courtesies to Plaintiff to allow him to provide adequate expert designations and undertook good faith efforts to resolve this issue before moving to strike. For example, after Plaintiff served his initial deficient expert designations, Defendant's counsel sent Plaintiff's counsel a letter outlining the deficiencies on November 8, 2022. Ex. [20-2] at 1. When Plaintiff's counsel indicated during a subsequent telephone call that additional time would be required to provide adequate designations, Defendant acquiesced. Yet, Plaintiff again filed a patently deficient expert designation on November 18, 2022. Notice [17]. Nonetheless, Defendant's counsel once again reached out, via email, to Plaintiff's counsel to notify him of the deficiencies on November 22, 2022. Ex. [20-4] at 1. But Plaintiff never made any attempts to correct the continued deficiencies.

Only then did Defendant request a telephonic discovery conference to discuss this and other discovery issues. The Court held a telephonic discovery conference on December 2, 2022, and following the conference, directed the parties to file any necessary motions. Minute Entry 12/2/2022. Defendant subsequently filed the present [20] Motion to Strike, as well as a [22] Motion to Compel.

Based on the holding in *Hamburger* and the facts and circumstances of this case, the Court finds a continuance is not warranted. *See S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 537 (5th Cir. 2003) (holding the district court's exercise of its "sound discretion not to grant a continuance" when doing so would unnecessarily delay the trial" was not an abuse of discretion). Here, Plaintiff has made three attempts and still not properly designated his experts. And the Court

17

finds no reason to believe that a continuance would cure the deficient designations. Therefore, this factor favors striking the expert designations.

Because the four factors weigh in Defendant's favor, the Court will grant Defendant's [20] Motion to Strike Plaintiff's designations of Bowen and Dr. Crook. As Local Rule 26(a)(2) explains, "[a]bsent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2). Federal Rule 37(c)(1) further provides that a party who fails to properly designate expert witnesses "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Plaintiff failed to properly designate Bowen and Dr. Crook, and the failure to do so was neither substantially justified, nor harmless, both experts are prohibited from supplying expert evidence in this matter.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the [20] Motion to Strike Plaintiff's Designation and Supplemental Designation of Expert Witnesses filed by Defendant State Farm Fire and Casualty Company, is **GRANTED.**

**IT IS, FURTHER, ORDERED** that, Warren Bowen and Dr. Robert Crook are barred from providing any expert evidence in this matter.

**SO ORDERED AND ADJUDGED**, this the 23rd day of March 2023.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE